HABERBUSH & ASSOCIATES, LLP
DAVID R. HABERBUSH, ESQ., SBN 107190
VANESSA M. HABERBUSH, ESQ., SBN 287044
444 West Ocean Boulevard, Suite 1400
Long Beach, CA 90802
Telephone: (562) 435-3456
Facsimile:  (562) 435-6335
E-mail: vhaberbush@lbinsolvency.com

Proposed Attorneys for Debtor and Debtor-in-Possession

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>TRADELINK TRANSPORT, INC.,<br><br>   Debtor and Debtor-in-Possession. | Case No.: 2:15-bk-13740-BR<br><br>**Chapter 11**<br><br>**EMERGENCY MOTION OF DEBTOR AND DEBTOR-IN-POSSESSION FOR ORDER AUTHORIZING DEBTOR-IN-POSSESSION TO PAY PREPETITION PAYROLL AND RELATED PAYROLL TAXES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RIGOBERTO CEA**<br><br>**Hearing Date**<br>Date: To be set<br>Time: To be set<br>Ctrm: 1668<br>   255 E. Temple Street<br>   Los Angeles, CA 90012 |

   TRADELINK TRANSPORT, INC., Debtor and Debtor-in-Possession herein (hereinafter referred to as "Debtor"), hereby makes this Emergency Motion for an order authorizing payment pay prepetition payroll, related payroll taxes, and to honor prepetition employment procedures.

   On March 12, 2015(the "Petition Date"), Debtor filed a voluntary petition for relief under the Bankruptcy Code. Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, Debtor retained possession of its assets and is authorized to continue the operation and management of its business.

   Debtor seeks to pay its prepetition payroll for the period of March 9, 2015 to March 11, 2015. Debtor cannot operate its business without its employees. In order to prepare properly for a plan of

1. reorganization, Debtor must be able to retain and pay their employees. Debtor's employees are unwilling to continue to perform as employees unless the amounts owed to them arising prior to the Petition Date are paid. The payment of these prepetition wages are necessary to the operation of Debtor's business and ultimate reorganization. Debtor requests that this Court authorize Debtor to pay outstanding balances of prepetition payroll.

2. The employees set forth in Exhibit "1" to the declaration of Rigoberto Cea, president of Debtor, are still employed by Debtor. The payment of the balances owed on prepetition payroll is necessary to fairly compensate the employees for the reasonable value of services performed in the ordinary course of employment consistent with historical payment terms.

3. Debtor will not use cash collateral for the in order to pay the prepetition payroll for which Debtor seeks Court-approval.

4. All of the wages for which Debtor seeks approval are for wages of noninsiders and two insiders, have or will arise within 180 days before the commencement of this bankruptcy case, and no single wage claim exceeds $12,475.00. As such, the wage claims enjoy priority in right of payment to other unsecured creditors pursuant to 11 U.S.C. § 507(a)(4). Debtor requests that this Court authorize Debtor to pay outstanding balances of the prepetition payroll as set forth in the schedule of the payroll due, including employer taxes, attached as Exhibit "1" to the declaration of Rigoberto Cea.

5. Postpetition earnings from sales will exceed the amount of prepetition wages, such that Debtor will have sufficient funds on hand to pay these claims and will not be administratively insolvent.

///
///
///

HABERBUSH & ASSOCIATES, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

WHEREFORE, Debtor prays for an order of this Court authorizing Debtor to pay prepetition payroll and related taxes, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

HABERBUSH & ASSOCIATES, LLP

Date: March 13, 2015         By, _____
                                VANESSA   M.   HABERBUSH, Proposed
                                Attorneys for Debtor and Debtor-In-Possession

HABERBUSH & ASSOCIATES, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

F:\HLA\clients\ACTIVE\Tradelink Transport - 1036\Bankruptcy\Pleadings\Payroll Motion\MTN.PAYROLL(final).wpd    3    THIS DOCUMENT PREPARED ON RECYCLED PAPER

## MEMORANDUM OF POINTS AND AUTHORITIES

By its motion, Debtor seeks an order of this Court authorizing it to pay prepetition payroll and related taxes and to honor prepetition employment procedures.

On March 12, 2015, Debtor filed a voluntary petition for relief under the Bankruptcy Code. Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, Debtor retained possession of its assets and is authorized to continue the operation and management of its business. (See Declaration of Rigoberto Cea at ¶3).

Debtor is a trucking company located in Compton, California, that provides trucking services throughout the western and central United States. (See Declaration of Rigoberto Cea at ¶4).

Debtor seeks to pay its prepetition payroll for the period of March 9, 2015 to March 11, 2015. The payroll to these individuals would ordinarily come due and be paid on March 20, 2015. Debtor seeks authority to pay the prepetition payroll together with all related payroll taxes. (See Declaration of Rigoberto Cea at ¶5).

Debtor cannot operate its business without its employees. Attached as Exhibit "1" to the declaration of Rigoberto Cea is a schedule of the payroll due for the payroll period stated. This schedule includes estimates of all payroll due. Debtor is unable to run a partial payroll for the period of March 9, 2015 to March 11, 2015 and instead must run payroll for the period of March 9, 2015 to March 14, 2015. The schedule of payroll due as indicated in Exhibit "1" to the declaration of Rigoberto Cea is an estimate based on the employees' past payroll because Debtor was unable to determine the exact amounts of the payroll due as of the date of the filing of this Motion. Therefore, Debtor has taken the total payroll likely due for the period of March 9, 2015 to March 14, 2014 and divided by the number of days in the employee's pay period. Debtor then multiplied this by three to calculate the total amount due and owing to each employee to estimate the prepetition wages due. Debtor believes these amounts are a reasonable estimate of the amounts due, reflect the amounts historically paid to each employee, and will not differ by more than 10% of the actual payroll issued. All of the wages for which Debtor seeks approval to pay are to noninsiders and two insiders, have or will arise within 180 days before the

HABERBUSH & ASSOCIATES, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

commencement of this bankruptcy case, and no single wage claim exceeds $12,475.00.[1] As such, the wage claims enjoy priority in right of payment to other unsecured creditors pursuant to 11 U.S.C. § 507(a)(4). Each of the employees which Debtor proposes to pay are important to Debtor's continued business operations. Debtor believes that unless the payroll is paid when due, these employees will be lost to Debtor in its reorganization. The prepetition payroll procedures sought to be continued are beneficial to the chapter 11 estate because it allows Debtor to continue operations and have a reasonable prospect of reorganizing through chapter 11. (See Declaration of Rigoberto Cea at ¶5).

The employees set forth in Exhibit "1" to the declaration of Rigoberto Cea are still employed by Debtor. The payment of the balances owed on the prepetition payroll is necessary to fairly compensate the employees for the reasonable value of services performed in the ordinary course of employment consistent with historical payment terms. As discussed above, the amounts due to each employee for prepetition payroll is an estimate, but Debtor believes these amounts will not substantially differ from the actual prepetition payroll amounts. (See Declaration of Rigoberto Cea at ¶6).

Postpetition earnings from sales will exceed the amount of prepetition wages, such that Debtor will have sufficient funds on hand to pay these claims and will not be administratively insolvent. (See Declaration of Rigoberto Cea at ¶7).

Debtor will not use cash collateral for the in order to pay the prepetition payroll for which Debtor seeks Court approval. Debtor has no cash collateral because the only liens that exist are against Debtor's trucks alone. 11 U.S.C. § 552. Therefore, Debtor does not seek the use of cash collateral to pay its prepetition payroll. (See Declaration of Rigoberto Cea at ¶8).

///

///

///

---

[1] Even though Debtor is estimating the total payroll due to each employee, because every employee is due far less than $12,475.00.

1  Because payment of Debtor's prepetition payroll is necessary to continue the operations of Debtor's business, each of the employees sought to be paid are necessary to those operations, and the wages qualify as priority wages pursuant to 11 U.S.C. § 507(a)(4), it is appropriate that the Court authorize the payment of prepetition wages on an emergency basis.

Respectfully submitted,

HABERBUSH & ASSOCIATES, LLP

Date: March 13, 2015    By, _____
VANESSA M. HABERBUSH, Proposed
Attorneys for Debtor and Debtor-In-Possession

HABERBUSH & ASSOCIATES, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

F:\H_A\clients\ACTIVE\Tradelink Transport - 1036\Bankruptcy\Pleadings\Payroll Motion\MTN.PAYROLL(final).wpd    6    THIS DOCUMENT PREPARED ON RECYCLED PAPER

## DECLARATION OF RIGOBERTO CEA

I, Rigoberto Cea, hereby declare and state:

1. I am an individual over the age of 18 years and have personal knowledge of the facts stated herein. If I were called as a witness, I would and could competently testify to the following facts, under penalty of perjury.

2. I am the President and a 50% stockholder of Tradelink Transport, Inc. ("Debtor"). I am actively involved in all of Debtor's operations. I personally participate in and have personal knowledge of all of Debtor's operations, finances, and activities. This declaration is given in support of Debtor's Emergency Motion an order authorizing payment pay prepetition payroll, related payroll taxes, and to honor prepetition employment procedures.

3. On March 12, 2015, Debtor filed a voluntary petition for relief under the Bankruptcy Code. Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, Debtor retained possession of its assets and is authorized to continue the operation and management of its business.

4. Debtor is a trucking company located in Compton, California, that provides trucking services throughout the western and central United States.

5. Debtor seeks to pay its prepetition payroll for the period of March 9, 2015 to March 11, 2015. The payroll to these individuals would ordinarily come due and be paid on March 20, 2015. Debtor seeks authority to pay the prepetition payroll together with all related payroll taxes.

6. Debtor cannot operate its business without its employees. A true and correct copy of a schedule of the payroll due for the prepetition wages of Debtor's employees that have been unpaid is attached hereto and incorporated herein, by this reference, as Exhibit "1." This schedule includes estimates of all payroll due. Debtor is unable to run a partial payroll for the period of March 9, 2015 to March 11, 2015 and instead must run payroll for the period of March 9, 2015 to March 14, 2015. The schedule of payroll due as indicated in Exhibit "1" is an estimate based on the employees' past payroll because I, on behalf of Debtor, am unable to determine the exact amounts of the payroll due as of the date of the filing of this Motion. Therefore, I have taken the total payroll likely due for the period of March 9, 2015 to March 14, 2014 and divided by the number of days in the employee's pay period. I then multiplied this by three to calculate the total amount due and owing to each employee to estimate

HABERBUSH & ASSOCIATES, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

the prepetition wages due. I believe these amounts are a reasonable estimate of the amounts due, reflect the amounts historically paid to each employee, and will not differ by more than 10% of the actual payroll issued. All of the wages for which Debtor seeks approval to pay are to noninsiders and two insiders, have or will arise within 180 days before the commencement of this bankruptcy case, and no single wage claim exceeds $12,475.00. As such, the wage claims enjoy priority in right of payment to other unsecured creditors pursuant to 11 U.S.C. § 507(a)(4). Each of the employees which Debtor proposes to pay are important to Debtor's continued business operations. I believe that unless the payroll is paid when due, these employees will be lost to Debtor in its reorganization. The prepetition payroll procedures sought to be continued are beneficial to the chapter 11 estate because it allows Debtor to continue operations and have a reasonable prospect of reorganizing through chapter 11. The employees set forth in Exhibit "1" are still employed by Debtor. The payment of the balances owed on the prepetition payroll is necessary to fairly compensate the employees for the reasonable value of services performed in the ordinary course of employment consistent with historical payment terms. As discussed above, the amounts due to each employee for prepetition payroll is an estimate, but I believe these amounts will not substatntially differ from the actual prepetition payroll amounts.

7. Postpetition earnings from sales will exceed the amount of prepetition wages, such that Debtor will have sufficient funds on hand to pay these claims and will not be administratively insolvent.

8. Debtor has no cash collateral because the only liens that exist are against Debtor's trucks alone. 11 U.S.C. § 552.

///

///

//

9. It is important that Debtor's employees be paid no later than March 20, 2015 because that is when the employees would be ordinarily paid for the period between March 9, 2015 and March 11, 2015. Debtor cannot operate its business without its employees and it is essential that the prepetition payroll procedures continue. These procedures sought to be continued are beneficial to the chapter 11 estate because it allows Debtor to continue operations and have a reasonable prospect of reorganizing through chapter 11. Therefore, the Motion should be heard on an emergency basis to ensure that the employees are timely paid and that Debtor does not lose its employees.

EXECUTED AT _Compton_, CALIFORNIA, THIS 13th DAY OF MARCH, 2015.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Rigoberto Cea, Declarant

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

444 West Ocean Boulevard, Suite 1400, Long Beach, CA 90802

A true and correct copy of the foregoing document entitled (*specify*): **EMERGENCY MOTION OF DEBTOR AND DEBTOR-IN-POSSESSION FOR ORDER AUTHORIZING DEBTOR-IN-POSSESSION TO PAY PREPETITION PAYROLL AND RELATED PAYROLL TAXES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RIGOBERTO CEA** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **March 13, 2015** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Vanessa M Haberbush**   vhaberbush@lbinsolvency.com,
dhaberbush@lbinsolvency.com,ahaberbush@lbinsolvency.com,abostic@lbinsolvency.com,thurd@lbinsolvency.com,haberbush.assistant@gmail.com
**Ron Maroko**   ron.maroko@usdoj.gov
**United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **March 13, 2015** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 13, 2015 | Vanessa M. Haberbush | /s/ |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE

Barry Russell, Judge
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building
and Courthouse
255 E. Temple Street, Suite 1660 /
Courtroom 1668
Los Angeles, CA 90012

David Navarro
4833 W. 17th St. #1
Los Angeles, CA 90019

Direct ChassisLink, Inc.
PO BOX 603061
Charlotte, NC 28260-3061

Douglas Lopez
C/O Dorinna Hirsch, Attorney at Law
Hirsch Law Firm
3200 4th Avenue, Suite 205
San Diego, CA 92103

Energy Product Company
1725 W. PIER D STREET
Long Beach, CA 90802

Euclides Ortiz
C/O Dorinna Hirsch, Attorney at Law
Hirsch Law Firm
3200 4th Avenue, Suite 205
San Diego, CA 92103

Gilbert Kelly Crowley & Jennet
1055 W 7th St #2000
Los Angeles, CA 90017

Israel Batres Torres
C/O Dorinna Hirsch, Attorney at Law
Hirsch Law Firm
3200 4th Avenue, Suite 205
San Diego, CA 92103

Jesus Pineda
C/O Dorinna Hirsch, Attorney at Law
Hirsch Law Firm
3200 4th Avenue, Suite 205
San Diego, CA 92103

Jose A. Sanchez
C/o Dorinna Hirsch, Attorney at Law
Hirsch Law Firm
3200 4th Avenue, Suite 205
San Diego, CA 92103

Jose Batres
C/O Dorinna Hirsch, Attorney at Law
Hirsch Law Firm
3200 4th Avenue, Suite 205
San Diego, CA 92103

Jose Eduardo Garcia
C/O Dorinna Hirsch, Attorney at Law
Hirsch Law Firm
3200 4th Avenue, Suite 205
San Diego, CA 92103

Jose G Aguilar
C/O Dorinna Hirsch, Attorney at Law
Hirsch Law Firm
3200 4th Avenue, Suite 205
San Diego, CA 92103

Julio Aleman
C/O Dorinna Hirsh, Attorney at Law
Hirsch Law Firm
3200 4th Avenue, Suite 205
San Diego, CA 92103

Miguel Manzanares
C/O Dorinna Hirsch, Attorney at Law
Hirsch Law Firm
3200 4th Avenue, Suite 205
San Diego, CA 92103

Noe Gutierrez
C/O Dorinna Hirsch, Attorney at Law
Hirsch Law Firm
3200 4th Avenue, Suite 205
San Diego, CA 92103

Norma Hartshorn
9841 New Castle
Westminster, CA 92683

Sergio Gonzalez
C/O Dorinna Hirsch, Attorney at Law
Hirsch Law Firm
3200 4th Avenue, Suite 205
San Diego, CA 92103

TRAC Intermodal
c/o US BANK
PO BOX 952064
Saint Louis, MO 63195

Teletrac, Inc
15500 B Rockfield Blvd
Irvine, CA 92618

Warren E&P
100 Oceangate, Suite 950
Long Beach, CA 90802

VTFNA, Inc
7025 Albert Pick Rd, Suite 105
Greensboro, NC 27402

Office of The United States Trustee
915 Wilshire Blvd., Suite 1850
Los Angeles, California 90017

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                         F 9013-3.1.PROOF.SERVICE